## STATE OF CONNECTICUT *v.* MAMBAYE MBAYE

Superior Court

Geographical Area No. 13
at Enfield

File No. MV960276085S

Memorandum filed September 8, 1999

*Christopher Parakilas*, assistant state's attorney, for the state.

*Ronald Johnson*, for the defendant.

I

## INTRODUCTION

RUBINOW, J. On September 5, 1996, the defendant, Mambaye Mbaye, was arrested by speedy information and charged with operating a motor vehicle when he was under the influence of alcohol or drugs or both in violation of General Statutes § 14-227a, failure to take the sobriety test in violation of General Statutes § 14-227b, and failure to drive in the proper lane in violation of General Statutes § 14-236.[1] This matter was set down for trial during the spring of 1998. Pursuant to Practice

[1] The court file reflects that the defendant has also been charged with failure to appear in the second degree in violation of General Statutes § 53a-173. That charge was nolled by the state on December 9, 1998.

Book § 41-8, the defendant has now moved to dismiss the motor vehicle charges pending against him. Specifically, the defendant claims that the completed selection of a jury to hear his case in 1998, and the dismissal of that jury without formal issuance of a continuance or order for mistrial, improperly subjected him to double jeopardy, prohibited by the fifth amendment to the United States constitution.[2] He claims that because roll call of the jury was taken on the day evidence was scheduled to commence, the state's right to "retry" the defendant has been extinguished. The state counters that the defendant has not been subjected to double jeopardy through the rescheduling of his case for trial, nor through the dismissal of the first jury selected to hear the evidence presented against him. Rather, the state claims that the charges brought against the defendant have not been considered by any trier of fact, so that it is constitutionally appropriate to proceed to trial at this time.

The defendant has incorporated his claims of law in the text of his motion to dismiss. The state has submitted a memorandum of law for the court's consideration. The parties have waived oral argument on the issues presented through this motion to dismiss.

## II

### FACTUAL BASIS

The court file and transcripts establish the following facts and circumstances affecting the status of the present case.

In April, 1998, the defendant and his original counsel participated in the selection of a jury of six and two

---

[2] Although the defendant's motion to dismiss did not specify the subsection of Practice Book § 41-8 upon which he relied, the court notes that the rule contemplates the court's consideration of a defendant's claim that a "[p]revious prosecution [bars] the present prosecution." Practice Book § 41-8 (6).

alternates, to whom the evidence in these matters was intended to be presented. Before the jury was sworn, however, it became apparent that defense counsel would not be able to proceed with the presentation of evidence to the jury that had been selected.[3]

On April 15, 1998, the selected jurors and alternates were brought before the trial court, *D'Addabo, J.* Counsel for the state was in attendance; the defendant and his counsel had been excused from these proceedings. After the roll was taken by the clerk, the court presented the following remarks: "Ladies and gentlemen, we, as you know, were prepared to commence the trial of State of Connecticut v. Mambaye Mbaye scheduled for today. There are circumstances that have occurred which will not allow the case to proceed at this time. Because of those circumstances and not allowing the case to proceed at this time, I'm going to dismiss you from this case." The transcripts of these proceedings reflect no further judicial activity involving the present case on April 15, 1998.[4] The court records reflect no objection from counsel to the dismissal of the selected jurors.

Thereafter, on subsequent dates, the matter was continued to allow the defendant to obtain the services of replacement counsel, and for trial preparation. New counsel appeared on October 1, 1998; he has submitted the pending motion to dismiss on the defendant's behalf.

---

[3] Initially, the defendant was represented by the late Michael Graham, of Hartford. Attorney Graham sustained serious physical injuries as the result of a motor vehicle accident that occurred during the proceedings discussed in this memorandum. Graham subsequently succumbed to those injuries. The defendant is now well represented by experienced substitute counsel.

[4] The clerk's administrative notes upon the information state the following: "April 15, 1998. Jurors are dismissed—Atty Graham unable to continue due to illness—all charges are re-instated and new trial to begin 5-19-98. J. D'Addabo."

## III

## CONSTITUTIONAL BASIS FOR PENDING PROSECUTION

It is axiomatic that the constitutional guarantee of the double jeopardy clause prohibits multiple trials for the same offense to be brought against a defendant. *State* v. *James*, 247 Conn. 662, 671, 725 A.2d 316 (1999); *State* v. *Buell*, 221 Conn. 407, 413, 605 A.2d 539, cert. denied, 506 U.S. 904, 113 S. Ct. 297, 121 L. Ed. 2d 221 (1992). "The fifth amendment to the United States constitution provides, in relevant part, nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. This clause, which is applicable to the states through the fourteenth amendment; *Benton* v. *Maryland*, 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); establishes the constitutional standards concerning the guarantee against double jeopardy." (Internal quotation marks omitted.) *State* v. *Buell*, supra, 413; *State* v. *Van Sant*, 198 Conn. 369, 376, 503 A.2d 557 (1986).

The issue for the court's consideration is, whether, under the factual circumstances as presented by this case, jeopardy had attached to the defendant at the time the selection of the jury panel was completed in 1998, or at the time the court dismissed that jury from further consideration of the state's pending claims. The defendant has suggested that the jury selected in 1998 had been sworn in anticipation of receiving evidence, prior to its dismissal. The facts do not support this conclusion. Rather, the facts establish that although the selection of the jury had been completed, and although the jury was assembled and brought before the court on April 15, 1998, the members of that panel were never sworn into service on the present case.

Our Supreme Court has acknowledged that: "Jeopardy attaches once the jury has been *selected and*

*sworn.* . . . The constitutional protection afforded by the double jeopardy clause includes the defendant's valued right to have his trial completed by a particular tribunal. . . . This right is not absolute, however, and may in some cases be subordinated to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Buell,* supra, 221 Conn. 413–14; see *Illinois* v. *Somerville,* 410 U.S. 458, 470, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973); *State* v. *DesLaurier,* 32 Conn. App. 553, 557, 630 A.2d 119 (1993), aff'd, 230 Conn. 572, 646 A.2d 108 (1994). In this matter, the court finds that jeopardy had not attached to the defendant at the time Judge D'Addabo assembled and dismissed the jury panel that had been selected in 1998. That panel not having been sworn, the constitutional protection recognized in *Buell* cannot serve as a barrier to full and fair prosecution of the defendant, pursuant to the pending charges. Additionally, due to the sudden, severe incapacity of the defendant's counsel, the court could not force the defendant to proceed to trial at that time. The court identified circumstances that constituted "manifest necessity" for administrative action that would preserve both the state's rights to prosecute the defendant, and the accused's right to present his defenses before a jury. *State* v. *Buell,* supra, 414–15. Such administrative action also preserved the jury's right to be free of the unreasonable burden of a continuance of the trial for an unspecified length of time, until the defendant's counsel could recover and again serve as his legal representative, or until the defendant could secure the services of new counsel.

Connecticut law supports the finding that the court's sua sponte dismissal of the jury on April 15, 1998, effectively constitutes a mistrial of the matter. *State* v. *Aponte,* 50 Conn. App. 114, 130, 718 A.2d 36 (1998),

("[a] motion for a mistrial is treated as a motion to dismiss the jury"), rev'd in part on other grounds, 249 Conn. 735, 738 A.2d 117 (1999); *State* v. *DesLaurier*, supra, 32 Conn. App. 559.[5] The circumstances at that time presented the clear potential for "substantial and irreparable prejudice to the defendant's case" had he been forced to defend himself while his lawyer was unavailable to assist him at trial. *State* v. *Aponte*, supra, 130. Here, the defendant has failed to show that the court's dismissal of the jury on April 15, 1998, deprived him of the opportunity for a fair trial. Id. Accordingly, the principles of double jeopardy cannot serve to prevent prosecution of the pending charges at this stage of the proceedings. See *State* v. *James*, supra, 247 Conn. 674.

The defendant rests his argument upon the application of *Illinois* v. *Somerville*, supra, 410 U.S. 458, to the facts of the present case. Indeed, the Connecticut Supreme Court has specifically affirmed the principles of *Somerville*, extending to criminal defendants in this state the hallowed protections offered through the fifth amendment to the United States constitution by way of the fourteenth amendment, and sustaining the constitutional guarantee against double jeopardy. *State* v. *Buell*, supra, 221 Conn. 413; *State* v. *Van Sant*, supra, 198 Conn. 376. The defendant fails to recognize, however, that his proposed application of *Somerville* is inapposite to the factual circumstances of a matter such as this, where the jury had not been sworn prior to the court's dismissal of the assembled panel for reasons that amount to "manifest necessity."

[5] In *DesLaurier*, our Appellate Court addressed circumstances similar to those which were presented in this case on April 15, 1998. The court commented upon the facts in *DesLaurier* as follows: "For purposes of this case, aborting the partially completed voir dire was the functional equivalent of a mistrial. The case was returned to the pretrial stage and the defendant was given the opportunity to file pretrial motions . . . ." *State* v. *DesLaurier*, supra, 32 Conn. App. 559.

As noted previously, the transcript of proceedings before Judge D'Addabo on April 15, 1998, establishes that, although a jury panel had been selected to hear the evidence presented against the defendant, that panel has not been sworn, and so, panel members retained the status of petit jurors at the time subjected to dismissal by the court. The defendant raised no objection to the court's act in dismissing this panel. See *State* v. *DesLaurier*, supra, 32 Conn. App. 555. The court's dismissal of the jury is tantamount to the declaration of a mistrial under the circumstances of the present case, where counsel for the defendant suddenly proved to be unavailable to assist his client at the evidentiary portion of the trial.

## IV

## CONCLUSION

No prejudice to the defendant having been shown under the circumstances of the present case, the defendant is not protected by the constitutional guarantee against double jeopardy. Accordingly, the defendant's motion to dismiss is hereby denied.